IT IS ORDERED

Date Entered on Docket: December 7, 2022



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE:

**ELVIN DANIEL FRIAS-ROSARIO**
    Debtor.                        No. 22-10685-j7

## DEFAULT ORDER GRANTING NICK AND MARY SPEZZA RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF REAL PROPERTY LOCATED AT 12612 COPPERWOOD DR. NE APT. D, ALBUQUERQUE, NM

This matter came before the Court on Nick and Mary Spezza's (collectively, "Movants") *Motion for Relief from the Automatic Stay and Abandonment of Real Property Located at 12612 Copperwood Dr. NE, Apt. D, Albuquerque, NM* filed on November 3, 2022 [Docket No. 24] (the "Motion"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On November 3, 2022, Movant served the Motion and a Notice of the Motion, also filed November 3, 2022 [Doc. 25] (the "Notice") on the Debtor and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor by United States First Class Mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property: *Real property located at 12612 Copperwood Dr. NE, Apt. D, Albuquerque, NM* (the "Property").

(c) The Notice specified an objection deadline of twenty-one (21) days from the date of service of the Notice, to which three (3) days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on November 28, 2022;

(f) As of November 29, 2022, neither the Debtors nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on November 29, 2022, Tammy Pelletier, of Moses, Dunn, Farmer & Tuthill, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. § 362(d), Movants and any persons acting by or through Movant, are hereby granted relief from the automatic stay:

(a) To enforce their rights in the Property, including, without limitation, evicting Debtor from the Property, proceeding with the Eviction Action[1] against the Property as permitted by the Agreement, and any other prepetition agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law; and,

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property, including, without limitation, by commencing or proceeding

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion [Docket No. 24].

with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction to restore Movants' possession of the Property;

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. § 554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to evict Debtor from the Property.

3. The automatic stay is not modified to permit any act to collect any other obligation, such as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment for repossession of the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any amounts owed by the Debtor and Movant may file a proof of claim this bankruptcy case in the event that the Trustee determines that there may be assets subject to liquidation and distribution under the Bankruptcy Code.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

MOSES, DUNN, FARMER & TUTHILL, P.C.

*/s/ Justin R. Sawyer submitted electronically 11/29/2022*
Justin R. Sawyer
PO Box 27047
Albuquerque, New Mexico 87124-7047
Telephone: (505 843-9440
E-mail: shay@moseslaw.com
*Attorneys for Nick and Mary Spezza*


Copies to:

Elvin Daniel Frias-Rosario
12612 Copperwood Dr. NE
Apt. D
Albuquerque, NM 87123
*Debtor*

Yvette J. Gonzales
PO Box 1037
Placitas, NM 87043
*Chapter 7 Trustee*